**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4072**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KENNY WAYNE MCGEE-ARD,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:06-cr-01042-RBH-2)

———————

Submitted:  July 22, 2008         Decided:  July 24, 2008

———————

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John M. Ervin, III, ERVIN LAW OFFICE, Darlington, South Carolina, for Appellant.  William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenny Wayne McGee-Ard pleaded guilty, pursuant to a plea agreement, to one count of manufacturing counterfeit Federal Reserve Notes, in violation of 18 U.S.C. §§ 471, 2 (2000). The district court sentenced him to twenty-four months of imprisonment. McGee-Ard timely appealed.

On appeal, counsel filed an <u>Anders</u>[*] brief, in which he states there are no meritorious issues for appeal, but questions whether the district court complied with Fed. R. Crim. P. 11 in accepting McGee-Ard's guilty plea. McGee-Ard was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government declined to file a brief. We affirm.

McGee-Ard did not move in the district court to withdraw his guilty plea; therefore this court reviews his challenge to the adequacy of the Rule 11 hearing for plain error. <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); <u>United States v. DeFusco</u>, 949 F.2d 114, 116, 120 (4th Cir. 1991). Our review of the plea

_____

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

hearing transcript reveals that the court conducted a thorough Rule 11 colloquy that assured McGee-Ard's plea was made both knowingly and voluntarily.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm McGee-Ard's conviction and sentence. This court requires that counsel inform McGee-Ard, in writing, of the right to petition the Supreme Court of the United States for further review. If McGee-Ard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McGee-Ard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>